Reza Torkzadeh (CA Bar No. 249550)
**THE TORKZADEH LAW FIRM**
11601 Wilshire Blvd. Ste. 500
Los Angeles, CA 90025
Tel: (310) 935-1111 / Fax: (310) 935.0100
E-mail: Reza@TorkLaw.com

Attorney for Plaintiff
JUAN ESEBERRE, JR.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ESEBERRE, JR., | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FDCPA (15 U.S.C. §§ 1692, *et. seq.*) |
| v. | |
| I.Q. DATA INTERNATIONAL, INC.; MEDEL LAW GROUP, APC; and DOES 1-10, Inclusive, | JURY TRIAL DEMANDED |
| Defendants. | |

NOW COMES plaintiff JUAN ESEBERRE, JR., by and through his attorneys, The Torkzadeh Law Firm, in his claim for damages against defendants I.Q. DATA INTERNATIONAL, INC.; MEDEL LAW GROUP, APC; and DOES 1-10, Inclusive.  Upon information and belief, Plaintiff alleges as follows:

### I. INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair collections practices by many debt collectors, and

TORK

has determined that abusive debt collections practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collections abusers.

2.      JUAN ESEBERRE, JR. ("Plaintiff"), by and through Plaintiff's attorneys, brings this action to challenge the actions of I.Q. DATA INTERNATIONAL, INC. and MEDEL LAW GROUP, APC (hereinafter "Defendant(s)") with regards to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff.  Defendants' conduct caused Plaintiff damages.

3.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.      While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.      Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6.      Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

///

**TORK**

## II. JURISDICTION AND VENUE

7.     Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; and 15 U.S.C. §1692k.

8.     This action arises out of Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, *et. seq.* ("FDCPA").

9.     Because defendant I.Q. DATA does business within the State of California, personal jurisdiction is established.  Because defendant MEDEL LAW does business within the State of California, is incorporated in the State of California, and its principle place of business is in the County of Orange, State of California, personal jurisdiction is established.

10.    Venue is proper pursuant to 28 U.S.C. § 1391.

11.    At all times relevant, Defendant conducted business within the State of California.

## III. PARTIES

12.    Plaintiff is a natural person who resides in the in the City of Anaheim, County of Orange, State of California.

13.    Defendant I.Q. DATA is located in the City of Everett, County of Snohomish, State of Washington.

14.    Defendant MEDEL LAW is located in the City of Irvine, County of Orange, State of California.

15.    Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by U.S.C. §1692a(3).

16.    Defendants are persons/entities who use an instrumentality of interstate commerce or the mails in a business the principle purpose of which is in the collection of debts, or who regularly collect or attempt to collect, directly or

TORK

- 3 -                                    *Eseberre v. I.Q. Data*
Complaint

indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. §1692a(6).

17.    Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "consumer" as that term is defined by U.S.C. § 1692a(3).

## IV. FACTUAL ALLEGATIONS

18.    At all times relevant, Plaintiff is an individual residing within the State of California.

19.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted business in the State of California.

20.    On or about July 7, 2013, Plaintiff allegedly incurred financial obligations to Park Plaza II, LTD. dba Park Plaza Apartments ("Park Plaza") in relation to Plaintiff's habitation and use of a residence located at 807 W. Stevens Ave. Apt. 15, Santa Ana, Orange County, CA 92707.  On that date, Plaintiff surrendered possession of the premises to Park Plaza.  Said obligations were not related to a tenant holdover and could not be resolved by an unlawful detainer action.  Said obligations were for money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are thus a "consumer debt" as that term is defined by U.S.C. § 1692a(6).

21.    These financial obligations, arising out of alleged unpaid rents along with cleaning and repairs allegedly necessitated by Plaintiff's use of the premises, were primarily for personal, family, or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).  Plaintiff disputes the alleged debt in its entirety.

///

**TORK**

- 4 -                              *Eseberre v. I.Q. Data*

Complaint

22.     Pursuant to the lease agreement signed on February 20, 2013 between Plaintiff and Park Plaza, the parties agreed, as a condition precedent to litigation, to submit to mediation of all claims arising out of or relating to the use or condition of the leased premises. (Ex. A ¶ 26).  Failing resolution at mediation, the parties agreed that said claims would be resolved by binding arbitration under the Rules of Arbitration found in the California Code of Civil Procedure. (Ex. A ¶ 26).  The mediation and arbitration terms were mandatory, not elective. (Ex. A ¶ 26).  The lease agreement did not allow the parties to commence litigation at any time in the Superior Court of California.

23.     On or about October 30, 2013, the alleged debt was allegedly assigned, transferred or sold to I.Q. DATA.

24.     Sometime thereafter, I.Q. DATA placed the alleged debt with MEDEL LAW for collection.

25.     On or about March 5, 2015, MEDEL LAW, on behalf of I.Q. DATA, commenced a lawsuit against Plaintiff in the Superior Court of California, County of Orange, under Case No. 30-2015-00775134-CL-CL-CJC.  Defendants' lawsuit against Plaintiff was a claim arising out of or relating to the use or condition of the leased premises.  By commencing their lawsuit in the Superior Court of California, Defendants violated the mediation and arbitration clause of the lease agreement. (Ex. A ¶ 26).  At no time did Defendants attempt to mediate the claims.  At no time did Defendants attempt to arbitrate the claims.

26.     In filing the state action, Defendants falsely represented to the state court that jurisdiction was proper.  In filing the state action, Defendants falsely represented to the state court that they had complied with the condition precedent, mediation, before initiating litigation.  In filing the state action, Defendants falsely

**TORK**

- 5 -                          *Eseberre v. I.Q. Data*

Complaint

1    represented to the state court that they had complied with the binding arbitration

2    provision of the lease agreement.

3    27.    At no time prior to the filing of Defendants' collections lawsuit did

4    Defendants comply with Cal. Code Civ. P. § 1033(b)(2) that states in relevant part:

5    when the creditor plaintiff in a limited civil case recovers less than $5,000.00, the

6    creditor plaintiff shall not be entitled to attorney's fees unless the creditor plaintiff,

7    prior to filing suit, informed the debtor defendant in writing of the intended legal

8    action and that said legal action could result in a judgment that would include

9    reasonable attorney's fees.  Defendant, as creditor plaintiff, never sent Plaintiff, as

10   debtor defendant, the required notice.  At trial on October 5, 2015, Defendant only

11   recovered $1,780.18 in damages, less than $5,000.00.  Plaintiff then moved the

12   court to deny an award for Defendant's attorney's fees because Defendant had

13   failed to comply with Cal. Code Civ. P. § 1033(b)(2).  The court granted Plaintiff's

14   motion and denied an award of attorney's fees.  The time to appeal that ruling has

15   since lapsed.

16   28.    Defendants, when they filed their state court collections suit against

17   Plaintiff, falsely represented to the court, in their complaint, that they were entitled

18   to attorney's fees.  Defendants, not having complied with Cal. Code Civ. P. §

19   1033(b)(2), falsely represented to the court that attorney's fees were recoverable.

20   Their false representation to the court was a deceptive means to collect a debt.

21   29.    As a result of Defendants' conduct, Plaintiff was caused to incur damages in

22   the form or attorney's fees and costs to defend the improper and unlawful state

23   court action.

24   ///

25   ///

**TORK**

30.     Through all the conduct alleged above, Defendants used false representations or deceptive means to collect or attempt to collect a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

31.     Through all the conduct alleged above, Defendants falsely represented the legal status of the alleged debt; that is, that it was ripe for lawsuit and jurisdiction was proper in the Superior Court of California.  Consequently, Defendants violated 15 U.S.C. § 1692e(2)(a).

32.     Through all the conduct as alleged above, Defendants used an unfair or unconscionable means to collect or attempt to collect a debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

33.     Through all the conduct as alleged above, Defendants attempted to collect amounts through means not authorized by the agreement creating the debt. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

34.     Through all the conduct as alleged above, Defendants threatened to take action that could not legally be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

35.     Through all the conduct as alleged above, Defendants engaged in conduct, the natural consequence of which was to harass Plaintiff.  Consequently, Defendants violated 15 U.S.C. § 1692d.

36.     As a result of Defendants' unfair, oppressive, and abusive conduct in connection with their debt collection activity, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over the fact that Defendants have continued their unlawful collections efforts.

///

///

TORK

## V. FIRST CAUSE OF ACTION:

### VIOLATION OF THE FDCPA (15 U.S.C. §§ 1692, *ET. SEQ.*)

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, *et. seq.*

39.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C.  § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

a)   an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendants;

b)   an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;

c)   an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants; and

d)   any and all other relief that this Court deems just and proper.

///

///

///

///

TORK

1  | Date: January 6, 2016                     Respectfully submitted,

2  |                                           **THE TORKZADEH LAW FIRM**

3  |

4  |                                           By: /s/ Reza Torkzadeh

5  |                                               Reza Torkzadeh (SBN: 249550)
   |                                               11601 Wilshire Blvd. Ste. 500
6  |                                               Los Angeles, CA 90025
   |                                               Tel: (310) 935-1111
7  |                                               Fax: (310) 935-0100
8  |                                               E-Mail: Reza@TorkLaw.com

9  |                                           ATTORNEY FOR PLAINTIFF
10 |

11 |

12 |                                  **DEMAND FOR JURY TRIAL**

13 |        PLEASE TAKE NOTICE that Plaintiff, JUAN ESEBERRE, JR., hereby

14 | demands a trial by jury of all triable issues of fact in the above-captioned case.

15 |

16 |                                           /s/ Reza Torkzadeh
17 |                                           Reza Torkzadeh

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

**TORK**

- 9 -                                  *Eseberre v. I.Q. Data*
Complaint